IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, M.D., M.P.H., )<br>  )<br>                Plaintiff, )<br>v. )<br>  )<br>The honorable Alan Wilson, Attorney )<br>General of South Carolina; Glenn )<br>McConnell, President Pro tempore of )<br>South Carolina's Senate and Chair of )<br>South Carolina's Judicial Merit Selection )<br>Commissioner [hereinafter "JMSC"]; )<br>solely in their official capacities and solely )<br>for injunction relief; and the honorable )<br>Jean H. Toal, Chief Justice of South )<br>Carolina, solely in her ceremonial capacity )<br>and solely for injunctive relief, )<br>  )<br>                Defendants. )<br>_____ ) | Civil Action No.: 3:11-278-TLW-JRM |

# **ORDER**

Plaintiff, Marie Assa'ad-Faltas, ("plaintiff"), brought this civil action, *pro se*, on February 2, 2011. (Doc. # 1).

This matter now comes before this Court for review of the Report and Recommendations ("the Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that the District Court dismiss the Complaint without prejudice and without issuance and service of process. (Doc. # 10). The plaintiff filed objections to the report. (Doc. # 12). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those

portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Docs. # 10). Therefore, for the reasons articulated by the Magistrate Judge, the Complaint is hereby **DISMISSED** without prejudice and without issuance and service of process.

On March 24, 2011, Plaintiff filed a motion for extension of time and for a hearing. (Doc. # 14). This Court granted the motion for extension of time and denied the request for a hearing on April 1, 2011. Plaintiff filed a second motion for extension of time and for a hearing on April 15, 2011. (Doc. # 22). Plaintiff filed a motion for an injunction and/or a motion for a hearing and a motion for appointment of counsel on April 18, 2011. (doc. # 23). Plaintiff filed a motion for a TRO and Injunction on May 10, 2011. (Doc. # 27). Plaintiff filed a motion to be allowed to redact the sealed exhibits on June 13, 2011. (Doc. # 31). Plaintiff filed a motion for leave to file exhibits electronically on June 22, 2011. (Doc. # 32). This Court **DENIES** Plaintiff's second motion for an extension of time to file supplemental objections. (Doc. # 22). This Court finds that all other pending motions are **MOOT**.

**IT IS SO ORDERED**.

                                                                              <u>s/Terry L. Wooten</u>
                                                                       United States District Judge

July 27, 2011
Florence, South Carolina